UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KELLI ANN BRIGGS,            )
                             )
     Plaintiff,              )
                             )
v.                           )    Case No.: 2:21-cv-00316-JHE
                             )
CHRISTIAN ALEXI ALEJANDRO,   )
                             )
     Defendant.              )

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Kelli Ann Briggs ("Briggs") initiated this action on January 16, 2020, by filing a complaint in the Circuit Court of Jefferson County, Alabama, against Defendant Christian Alexi Alejandro ("Alejandro")[2] alleging Alejandro negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle Briggs occupied causing her injury. (Doc. 1-1 at 2-6). Within thirty days of service of the complaint, Alejandro removed the action to this Court based on alleged diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). (Doc. 1 at 2). Briggs moves to remand, contending Alejandro has not met his burden to prove the amount in controversy exceeds $75,000, exclusive of interest and costs, to establish diversity jurisdiction. (Doc. 7). Alejandro opposes the motion to remand. (Doc. 13). The motion is fully briefed and ripe for review. (Doc. 7 & 13). Because Alejandro has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, the motion to remand, (doc. 7), is **DENIED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

[2] Any fictitious defendants named in the state court complaint are not recognized in federal court.

## I. Standard of Review

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $ 75,000.00. 28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Where a defendant's notice of removal makes a good-faith claim asserting the amount in controversy, his "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, when a defendant's amount in controversy allegation is "contested by the plaintiff or questioned by the court," then "both [plaintiff and defendant] submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 88. The court must find it is "more likely than not" that the plaintiff could recover more than $75,000 from the defendant for diversity jurisdiction to exist. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The removing party bears the burden of proof to establish that the amount in controversy exceeds the jurisdictional minimum. *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). The "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

## II. Analysis

Although the parties do not dispute there is diversity of citizenship,[3] Briggs contends Alejandro has not satisfied the other requirement of 28 U.S.C. § 1332 for this Court to have original

---

[3] An individual is considered a citizen of the state of his domicile—that is, the last state in which he lived with an intention to remain there indefinitely. *Mas v. Perry*, 489 F.2d 1396, 1399

jurisdiction and for this case to be removed under 28 U.S.C. § 1441: specifically, Briggs contends Alejandro cannot meet his burden to establish the amount of controversy to exceeds $75,000.00. (*See* doc. 7).

When a complaint, such as the one in this case, does not request a specific amount of damages, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). In this assessment, the district court "need not suspend reality or shelve common sense." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Instead, this Court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Id.* The court is not "bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* Furthermore, the court must consider the request for and availability of punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Mitchell v. Carrington Mort. Serv.*, L.L.C., Case No. 5:16-cv-00833-CLS, 2016 WL 3570373, *3 (N.D. Ala. July 1, 2016).

In her complaint, Briggs alleges that, on January 16, 2020, on Interstate 459 between Alton Road Overpass and US-11, in Jefferson County, Alabama, Alejandro "negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle occupied by . . . Briggs." (Doc. 1-1 at 4). Briggs further alleges that as a direct or proximate consequence of Alejandro's negligence or wantonness, she was caused to suffer the following injuries and damages: she was

---

(5th Cir. 1974). Because Briggs is a resident citizen of Alabama, and Alejandro is a resident citizen of Florida (*see* doc. 1 at 3) every plaintiff is diverse from every defendant in this case.

3

caused to suffer physical pain and mental anguish, she was caused to seek medical treatment and prevented from going about her normal activities; she was permanently injured; she was caused to incur medical expenses to treat and cure her injuries; she was caused to lose wages both past and future; her vehicle was rendered less valuable; and she was caused to be injured and damaged, all to her detriment. (*Id.* at 4-5).  Briggs demands compensatory and punitive damages. (*Id.* at 5)

In her motion for remand, Briggs first contends removal was not proper because it is not facially apparent from her complaint that the amount in controversy is met. (Doc. 7 at 8). She states that the allegations are "extremely general and give no detail about her injuries, the type of treatment she received, how much she incurred in medical expenses for said treatment, the permanency of her injuries, the amount of wages she lost, or the amount her vehicle decreased in value." (*Id.*). Briggs is absolutely correct in her assertion that the allegations in the complaint are general and vague and it may not be facially apparent that the amount in controversy requirement has been met. However, it would hardly be fair for a plaintiff to avoid an otherwise proper removal by pleading intentionally vague allegations, then seeking damages in excess of the statutory minimum.

Where the pleadings are inadequate to determine if the amount in controversy requirement is met, as they are here, the court reviews the record to determine if there is evidence that diversity jurisdiction exists. *Pretka*, 608 at 754; *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). In her motion for remand, Briggs contends that neither the notice of removal nor the supporting documents prove by a preponderance of the evidence that the amount is controversy is met.[4] (Doc. 7 at 10). The evidence accompanying the notice of removal and

---

[4] The case law Briggs offers in support of her remand argument is distinguishable. First, in *Williams v. Best Buy Co.*, the Eleventh Circuit held that it was not facially apparent from the plaintiff's complaint that the amount in controversy was met. 269 F.3d 1316, 1320 (11th Cir.

opposition to remand show otherwise. The accident report indicates that when the accident occurred, Briggs was operating a motor vehicle traveling North on I-459, while Alejandro was allegedly driving his motor vehicle at an approximate speed of 90 MPH in a 70 MPH zone and changing lanes. (Doc. 13-1). According to the accident report, the force of the collision caused Briggs' rear driver's side wheel to be nearly ripped from the vehicle. (*Id.*). Briggs' vehicle spun out of control and came to a rest in the road, and Alejandro's vehicle flipped several times and collided with the median. (*Id.*). Thus, by all reasonable measures, this appears to have been a serious, high speed collision.

---

2001). *Williams* involved a plaintiff who was injured when she tripped over a curb when entering one of defendant's stores. *Id.* The Eleventh Circuit remanded the case to the district court to develop the record and to make findings of fact regarding the amount in controversy. *Id.* at 1321. Here, even if it is not apparent from the complaint whether the amount in controversy is met, the removing party has submitted evidence from which the court can determine if the amount in controversy is met.

Similarly, *Kiddd-Hicks v. Bellemere Properties, LLC*, is distinguishable. Case No. 7:18-cv-00753-LSC, 2018 WL 4840113 (N.D. Ala. Oct. 4, 2018). *Kiddd-Hicks* involved a slip-and-fall with allegations of "severe personal injuries" as a result of the fall, and the court found that there was no evidence from which to infer the jurisdictional amount was met. *Id.* at *1-2. As demonstrated herein, this is a motor vehicle collision case with evidence of personal injury and property damage, as well as evidence supporting wantonness and punitive damages. Here, the record establishes by a preponderance of the evidence that the amount in controversy is met.

Finally, Briggs points to *Owens v. 3M Company, Inc*. Case No. 5:17-cv-00346-AKK, 2017 WL 4340478 (N.D. Ala. Sept. 29, 2017). In *Owens* the court found there was insufficient evidence to conclude that the removing party carried its burden to establish the amount in controversy by a preponderance of the evidence. *Id.* at *4. The opinion noted a "complete absence of the sort of concrete information needed to realistically assess the compensatory damages potentially available to the Plaintiffs." *Id.* at *3. The court also found the request for punitive damages insufficient because there was no evidence to support it. *Id.* As explained herein, Alejandro has provided evidence of a significant motor vehicle accident that resulted in personal injury and property damage. The accident report, summary of the medical expenses, and multiple photographs of the motor vehicle are in the record. Additionally, unlike the removing party in *Owens*, Alejandro has provided evidence, i.e., the accident report, which indicates he was ticketed for reckless driving, to support the wantonness claim for which punitive damages are available.

Alejandro has submitted evidence that Briggs' medical expense damages total $12,215.30. (Doc. 13-7). The dates of service for these charges are the date of the accident and dates during the following months. (*See id.*). Thus, it is reasonable to infer that Briggs required additional medical care after the date of the accident. She also seeks damages for the reduction in value to her 2016 Chevrolet Camaro 2LT, which had significant damage, as demonstrated by the provided photographs. (*See* doc. 13-8). Additionally, Briggs requests unspecified damages for an alleged *permanent* physical injury, as well as for *past* and *future* wages, and for physical and mental pain and suffering. (*See* doc. 1-1) (emphasis added).

Alejandro has provided several recent jury verdicts from Jefferson County, Alabama for cases with similar allegations. For example, in *Patton v. Red Mountain Restaurant Group, LLC*, 14 ACTR 1-16, 2013 WL 7123269 (Ala. Cir. Ct. Jefferson Cnty.), the plaintiff was operating a motor vehicle when she was struck from behind by a vehicle being operated by the defendant's employee. (Doc. 13-2). The jury returned a verdict of $100,000 for pain and suffering based on negligence only. (*Id.*). Likewise, in *Carson v. Baker*, 18 ACTR 10-12, 2018 WL 5822528 (Ala. Cir. Ct. Jefferson Cnty.), the plaintiff was stopped in traffic while on US Highway 280 west when the defendant rear-ended the plaintiff's vehicle. (Doc. 13-3). The plaintiff claimed injuries to her back, neck and left arm, and the jury returned a verdict of $75,000. (*Id.*). There is no indication that the defendant was found liable for wanton conduct. (*Id.*). Also, in *Dillard v. Campo*, 12 ACTR 5-7, 2012 WL 1898710 (Ala. Cir. Ct. Jefferson Cnty.), the defendant negligently allowed the motor vehicle he was operating to collide with the motor vehicle being operated by the plaintiff. (Doc. 13-6). The plaintiff alleged the defendant struck her vehicle from behind, causing substantial damage to both vehicles, and substantial injuries to her neck and back. (*Id.*). After a bench trial,

the judge returned a verdict for $75,000. (*Id.*). There was no indication the defendant in *Dillard* was found liable for wanton conduct. (*Id.*).

Although the probative value of these jury verdicts is limited because we do not have the facts from those cases to compare, considering the other evidence before the court, it is reasonable to infer that the amount in controversy in this action would be approaching, if not exceeding the jurisdictional minimum based on the negligence claim alone. Notwithstanding these jury verdicts, it is reasonable to infer that Briggs is seeking tens of thousands of dollars in compensatory damages based on the amount of her medical bills, the property damage to her vehicle, and the allegations of permanent physical injury and past and future lost wages. However, Briggs' complaint also includes a claim for wantonness, and wantonness is subject to punitive damages. As noted, the court must consider the request for and availability of punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. Co.*, 821 F.2d at 1535. It is a reasonable inference from a demand for punitive damages that a plaintiff is seeking a greater recovery than if she were merely seeking compensation for her injuries. *See Jones v. Novartis Pharmaceuticals Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013) (citing *Overton v. Wyeth*, No. CA 10-04910KD-C, 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010). However, simply requesting punitive damages is insufficient to create an inference that the jurisdictional amount is met. *Owens*, 2017 WL 4340478 at *3. There must be an evidentiary foundation to infer the amount of punitive damages potentially at issue. *Id.* (citing *Nolen v. JP Morgan Chase Bank, NA*, No. 2:12-cv-41-WKW, 2012 WL 4378200, at *5 (M.D. Ala. Sept. 25, 2012); *Dean v. BAC Home Loans Servicing, LP*, No. 2:11-cv-785-MEF, 2012 WL 353766, at *6 (M.D. Ala. Feb. 3, 2012). Here, there is the requisite evidentiary foundation. According to the narrative on the accident report, Alejandro was driving 90 MPH in a 70 MPH zone, changing lanes, and received a traffic

citation for reckless driving as a result of the incident. (Doc. 13-1 at 2). This, in combination with the extensive damage to the vehicles, potentially supports the claim for wantonness and punitive damages based thereon.

Finally, in addition to the foregoing, Briggs has declined to disclaim damages exceeding $75,000. (*See* doc. 1-3). While "a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue," *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (emphasis added), a refusal to stipulate is relevant to the issue, and courts routinely consider it as such. *See, e.g., Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1287 (N.D. Ala. 2013) (considering refusal to stipulate to damages less than the jurisdictional amount as one factor among several counseling against remand). Based on all the considerations above, Alejandro has established that it is more likely than not that the amount in controversy is sufficient to confer diversity of citizenship jurisdiction in this action.

### III. Conclusion

Because Alejandro has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, and the parties are citizens of different States, this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, and Briggs' motion to remand, (doc. 7), is **DENIED**. *See* 28 U.S.C. § 1441(a). The parties are directed to proceed with discovery in compliance with the Initial Order and the Scheduling Order, (docs. 10 & 12), entered in this action.

DONE this 26th day of May, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE