UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELLI ALNN BRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 2:21-cv-00316-JHE |
| | ) |
| CHRISTIAN ALEXI ALEJANDRO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER[1]**

Plaintiff Kelli Ann Briggs ("Ms. Briggs") initiated this action on January 20, 2021, by filing a complaint in the Circuit Court of Jefferson County, Alabama, asserting claims against Defendant Christian Alexi Alejandro ("Mr. Alejandro"). (Doc. 1-1 at 2-6). Ms. Briggs alleges that on January 16, 2020, Mr. Alejandro negligently or wantonly permitted, allowed, or caused his motor vehicle to collide with the vehicle she was driving, which caused her to be injured. (*Id.*). Within thirty days of service of the complaint, Mr. Alejandro removed this action to this Court based on alleged diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332(a)(1). (Doc. 1 at 2). Mr. Alejandro now moves for partial summary judgment, specifically for the court to enter summary judgement in his favor as to Ms. Briggs' wantonness claim. (Docs. 31 & 32). For the reasons that follow, Mr. Alejandro's motion for partial summary judgment (doc. 31) is **DENIED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

1

## I. Procedural History

After Mr. Alejandro removed this case to this Court, Ms. Briggs moved to remand the action to state court, contending Mr. Alejandro had not met his burden to prove that the amount in controversy exceeded $75,000, exclusive of interest and costs, a requirement to establish diversity of citizenship jurisdiction. (Doc. 7). Mr. Alejandro opposed the motion to remand. (Doc. 13). In a Memorandum Opinion and Order dated May 26, 2021, the undersigned found that Mr. Alejandro had established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, and thus denied Ms. Briggs' motion to remand, (doc. 7). (Doc. 15).

On June 1, 2023, after the conclusion of discovery, Mr. Alejandro moved for partial summary judgment and filed a brief in support. (Docs. 31 & 32). Ms. Briggs has filed a response brief opposing Mr. Alejandro's motion. (Doc. 34). Mr. Alejandro has filed a reply brief, along with a motion to strike Ms. Briggs' Exhibit D, an unofficial copy of the Alabama Uniform Traffic Crash Report. (Doc. 35). When asked to respond, Ms. Briggs submitted a response stating that she does not oppose the motion to strike Exhibit D. (Doc. 37).

## II. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to

establish there is a "genuine issue for trial." *Id.* at 324. (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276–78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

### III.     Summary Judgment Facts

On January 16, 2020, an automobile collision occurred on I-459 in Jefferson County, Alabama. (Doc. 1-1 at ¶ 5). On that day, Mr. Alejandro was driving a vehicle on I-459 North. (*Id.*). Ms. Briggs was driving her vehicle on I-459 North in front of Mr. Alejandro. (Doc. 32-1 (Ms. Briggs Depo.) at 11 (38:14-21, 39:14-21)). According to Ms. Briggs, it was evening time and dark outside. (*Id.* at 10 (34:11-17)). Ms. Briggs was in the lane to merge onto I-59 when she

saw Mr. Alejandro's vehicle in her rearview mirror "accelerating at a high rate of speed [and] that was weaving in and out of traffic." (*Id.* at 11 (38:4-9)).[2] With his vehicle behind Ms. Briggs' vehicle, Mr. Alejandro attempted to go around Ms. Briggs' vehicle by moving to the left of the lane in which Ms. Briggs was driving. (*Id.* at 12 (41:12-18)). Mr. Alejandro's vehicle collided with the left side of Ms. Briggs' bumper, and Ms. Briggs' vehicle started spinning. (*Id.* at 11-12 (38:9-10; 41:1-42:1)). Mr. Alejandro's vehicle flipped and landed upside down. (*Id.* at 12 (43:6-8)).

Ms. Briggs has asserted claims for negligence and wantonness based on the collision and alleges physical injury, mental anguish, and emotional distress. (Doc. 1-1). She requests monetary damages based on Mr. Alejandro's alleged conduct. (*Id.*).

### IV.   Analysis

#### A. Overview of Wantonness versus Negligence

Mr. Alejandro moves for partial summary judgment, arguing Ms. Briggs' wantonness claim should be dismissed. (Doc. 31). As highlighted in his reply brief (doc. 35), Mr. Alejandro primarily relies on four cases from the Alabama Supreme Court, each discussing a potential claim for wantonness based on an automobile collision, and how various facts do not constitute wanton behavior. (*See* docs. 32 & 35). As explained below, these cases are distinguishable from the summary judgment facts in this case.

The Alabama Supreme Court defines wantonness as follows:

> 'Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably

---

[2] Mr. Alejandro points to Ms. Briggs' later testimony that she did not see Mr. Alejandro's vehicle until he was directly behind her and only saw him attempt to change lanes once, when it was to pass her. (*See* doc. 35 at 3) (citing doc. 32-1 at 12 (41:1-18; 49:9-13). This does not directly contradict Ms. Briggs' prior testimony, and it is certainly a disputed issue for the jury to decide.

result. *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994)."

*Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007). The Alabama Legislature defines "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6–11–20(b)(3) (1975). Furthermore, wantonness involves the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998).

> In *Tolbert v. Tolbert*, the Alabama Supreme Court explained that:
>
> Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act. "Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." *McNeil v. Munson S.S. Lines*, 184 Ala. 420, [423], 63 So. 992 (1913).
>
> ...
>
> Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term 'negligence,' which conveys the idea of inadvertence, as distinguished from premeditation or formed intention.

*Tolbert v. Tolbert*, 903 So. 2d 103,114-115 (Ala. 2004) (quoting *Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996)).

### B. Alabama Supreme Court Cases

In his opening brief and his reply brief, Mr. Alejandro points to four cases from the Alabama Supreme Court and argues that Ms. Briggs has failed to present evidence sufficient to distinguish Mr. Alejandro's alleged conduct from those at issue in the cases. (*See* docs. 32 & 35). The undersigned disagrees. The four cases upon which Mr. Alejandro primarily relies are (1) *Ex*

*parte Essary*, 992 So. 2d 5, 9 (Ala. 2007); (2) *Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996); (3) *South Central Bell Tele. Co. v. Branum*, 568 So. 2d 795 (Ala. 1990); and (4) *George v. Champion Ins. Co.*, 591 So. 2d 852, 853-54 (Ala. 1991). Viewing the facts in the light most favorable to Ms. Briggs, the nonmovant, each of these cases are plainly distinguishable from the summary judgment facts in this case.

In *Ex parte Essary*, Mr. Essary presented evidence that he drove on the road in question "frequently" and that he was familiar with the intersection where the subject collision took place. *Essary*, 992 So. 2d at 10. Facts also showed that on the evening in question, Mr. Essary was traveling down the road because he wanted to stop at a convenience store. *Id.* As Mr. Essary approached the intersection, he came to a full, complete stop, checked the traffic on the highway in both directions, and did not see any vehicles coming. *Id.* Mr. Essary then drove into the intersection, where his vehicle collided with another vehicle. *Id.* Based on these facts, the Alabama Supreme Court found there were no facts to support a wantonness claim. *Id.* at 13. Specifically, there was no evidence indicating Mr. Essary was aware of any particular danger at the intersection, and he did not speed through the intersection while ignoring the stop sign. *Id.* To the contrary, testimony showed Mr. Essary slowed down when he reached the intersection, making a "rolling stop." *Id.* Accordingly, the court found this did not support an inference that Mr. Essary's conduct was wanton. *Id.* (remanding for judgment in favor of Mr. Essary). In this case, there is no evidence Mr. Alejandro attempted to slow down, but in fact increased his speed. The *Essary* case is clearly distinguishable.

In another case involving an automobile collision, *Ex parte Anderson*, Ms. Anderson testified that she waited at the intersection until she believed it was safe to turn. 682 So. 2d at 470. "Although [she] may have been negligent turning left while her view of oncoming traffic was

blocked, [the court did] not believe that the evidence [was] sufficient to prove that she was guilty of 'wanton conduct,' as the term is defined . . . ." *Anderson*, 682 So. 2d at 470. The facts presented in *Anderson* are plainly distinguishable from the facts in this case. Here, there is evidence Mr. Alejandro was speeding and weaving in and out of traffic in the dark. *See* doc 32-1 (34:11-17; 38:4-9; 41:12-18).

Next, Mr. Alejandro points to *Branum*, 568 So. 2d. at 795. Here, the defendant driver, Mr. Davis, testified that he passed by a slight curve at an intersection and his attention was diverted by the automobile next to him, which crowded the path and continued to do so after Mr. Davis went through the intersection. *Id.* Mr. Davis testified that he slowed down and drifted to the right in an attempt to avoid an encroaching car. *Id.* Mr. Davis further testified that after drifting to the right, he looked up and saw Ms. Branum for the first time. *Id.* Mr. Davis also said that he immediately applied his brakes, but could not avoid hitting Ms. Branum. *Id.* These facts, which Ms. Branum corroborated, did not support a claim that Mr. Davis acted wantonly. *Id.* Notably these facts are clearly distinguishable from the facts here. There is absolutely no evidence that Mr. Alejandro was attempting to safely avoid other cars, that he slowed down, or that he tried to stop before colliding with Ms. Briggs.

The final case upon which Mr. Alejandro relies, *George v. Champion Insurance Co.*, 591 So. 2d at 852, is another Alabama Supreme Court case finding that the facts did not support a claim for wantonness. In *George*, the plaintiff, a sixteen-year-old, was in the passenger seat of an automobile driven by her friend, also a sixteen-year-old. *Id.* at 854. The car was full of people talking with each other on a bright, sunny day. *Id.* As they approached a traffic light, the driver saw it was green. *Id.* She glanced back in conversation. *Id.* When she looked forward, the traffic light was red, and another passenger cried out for her to stop. *Id.* The driver testified that she tried

7

to put her foot on the brake pedal, but she missed and hit the clutch instead.  *Id.*  She ran the red light, and the automobile collided with another vehicle that was turning left in front of this vehicle.  *Id.*  The Alabama Supreme Court held that these facts demonstrated the driver's inadvertence and did not constitute wanton conduct, which requires "some degree of conscious culpability."  *Id.*  Viewing the facts in the light most favorable to Ms. Briggs, there is no such inadvertence or distraction in this case.  As noted above, Mr. Alejandro was speeding and weaving in and out of traffic in the dark – facts plainly distinguishable from those in *George*.

### C. Application to the Facts in this Case

Here, Mr. Alejandro points to the fact that Ms. Briggs was using her cellular phone during the five minutes leading up to the collision and was still on the call when the collision occurred.  (Doc. 32 at 10); (*see* doc. 32-1 at 10 (36:6-18), 25 (93:10-22)).  While this fact may weigh in favor of Mr. Alejandro's argument, it does not negate the facts supporting Ms. Briggs' position – that Mr. Alejandro was speeding at night, weaving in and out of traffic, and collided into her vehicle.  *See Hicks v. Dunn*, 819 So. 2d 22, 25 (Ala. 2001) (holding the trial court should have presented a wantonness claim to the jury because evidence showed that the driver was driving "much faster than the posted speed limit[,]" "was not paying attention to the road[,]" and "did not slow his speed despite construction signs[,]" as well as knowledge "that a restaurant into which patrons would likely be turning was on the other side of the hill . . ."); *Knowles v. Poppell*, 545 So. 2d 40, 42 (Ala. 1989) (noting that speeding alone does not amount to wantonness, but speeding, coupled with other circumstances, may amount to wantonness).

Furthermore, with or without the police report,[3] the facts viewed in the light most favorable

---

[3] As noted above, in his reply brief, Mr. Alejandro moves for Ms. Briggs' Exhibit D to be stricken, arguing that the unofficial copy of an Alabama Uniform Traffic Crash Report is inadmissible

to Ms. Briggs create a question of fact that prevents the entry of summary judgment as to her wantonness claim. The facts in each of the four cases upon which Mr. Alejandro relies are clearly distinguishable. As noted above, the summary judgment facts establish that Mr. Alejandro was driving in the dark of night, at a high speed, and was weaving in and out of traffic. This was not a situation where Mr. Alejandro was inattentive, misjudged traffic, or lacked due care. *See Tolbert*, 903 So. 2d at 114-115 (citing *Anderson*, 682 So. 2d at 470). Instead, a reasonable juror could infer that Mr. Alejandro drove purposely and recklessly. For these reasons, Mr. Alejandro's motion for partial summary judge (doc. 31) is **DENIED**.[4]

### V. Conclusion

Based on the foregoing, Mr. Alejandro's motion for partial summary judgment (doc. 31) is **DENIED**. The parties are **ORDERED** to discuss the potential for magistrate judge-led mediation and file a joint status report with the court by **December 5, 2023**.

DONE this 21st day of November, 2023.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

hearsay (doc. 35 at 2), and Ms. Briggs filed a response stating she does not oppose the motion (doc. 37). Regardless of whether this document is considered, the outcome of this motion is the same.

[4] Although the parties request oral argument (docs. 32 & 34), upon reviewing the briefs and relevant law, the undersigned finds that oral argument would not be beneficial at this time. The request is **DENIED**.